**FIRST CITY FEDERAL SAVINGS BANK, Plaintiff,**

v.

**Burk DENNIS, Gilbert Fuentes, Terry Foster, Fred Crowley and Jeanice Drury Crowley, Ralph E. Clure, Mark Silver, Marvin Perlman, Richard Foringer, Larry Maurer, Francis A. Desarro, Jon Wallin, Gerald Fresonke, Defendants.**

**Nos. 87 Civ. 2959 (RWS) to 87 Civ. 2968 (RWS), 87 Civ. 3005 (RWS) and 87 Civ. 3006 (RWS).**

United States District Court, S.D. New York.

Oct. 13, 1989.

Bizar D'Alessandro Shustak & Martin, New York City (Gayle P. Sanders, of counsel), for plaintiff.

Pratter, Tedder & Graves, Orange, Cal. (David H. Tedder, of counsel), for defendants.

OPINION

SWEET, District Judge.

Plaintiff First City Federal Savings Bank ("First City" or "the Bank") has moved for sanctions under Rule 11, Fed.R.Civ.P., against David H. Tedder ("Tedder"), counsel for the defendant-investors. For the reasons set forth below, the motion is granted and sanctions in the sum of $4,000 will be granted.

*Prior Proceedings*

This consolidated action was commenced in 1987 by First City's filing of a series of complaints against the various individual defendant-investors. First City sought to recover on certain notes that were issued to the Bank by the defendant-investors in the course of their investment in a limited partnership, Coburn Energy Split Asset Fund ("CESAF"). The material facts surrounding the larger dispute are set forth in this court's opinion of June 24, 1988. *See First City Federal Savings Bank v. Dennis*, 690 F.Supp. 221 (S.D.N.Y.1988).

First City's first motion for summary judgment was denied by that opinion. First City later renewed its motion, which was opposed by Tedder on behalf of the defendant-investors. In connection with that opposition an affidavit of Richard Gipe ("Gipe") and a brief were filed by Tedder. Based on this opposition the renewed motion was denied on April 3, 1989. The deposition of Gipe followed on May 8, 1989.

On July 28 the Bank again renewed its motion for summary judgment, relying upon the deposition testimony of Gipe, which recanted the prior testimony given by affidavit. The motion was unopposed and was granted from the bench. Decision was reserved on this companion motion seeking Rule 11 sanctions.

*The Facts*

The facts as set forth by First City have been established by affidavit and by exhibits to the affidavit and by an absence of opposition. Tedder is a member of the California bar and was admitted without the sponsorship of local counsel for the purpose of this litigation. His brief submitted in opposition to the Bank's earlier summary judgment motion relied upon the Gipe affidavit. Both the affidavit and the brief were false with respect to a material fact, namely, the participation and knowledge of First City in the alleged, and now conceded, fraudulent scheme. In addition, the brief stated that defendants had filed a complaint in California Superior Court against CESAF, a copy of which was attached as an exhibit to the brief. When Tedder filed his brief, he knew that no such complaint had yet been filed and, in fact, that complaint was not filed until over three months after Tedder filed his brief.

*Sanctions In The Amount Of $4,000 Are Appropriate*

Rule 11 of the Fed.R.C.P. provides in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record.

\* \* \* \* \* \*

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ..., and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

\* \* \* \* \* \*

If a pleading, motion, or other paper is signed in violation of this rule, the court upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Tedder signed and submitted a brief opposing the Bank's September 1988 motion for summary judgment which misled this court with respect to the filing of a California complaint involving this dispute and which also contained other allegations which Tedder knew were false or as to whose truth he failed to make reasonable inquiry.

In *Calloway v. Marvel Entertainment Group,* 111 F.R.D. 637 (S.D.N.Y.1986), *aff'd in part, reversed and vacated on other grounds,* 854 F.2d 1452 (2d Cir.1988), *cert. granted, sub. nom., Pavelic & Le-Flore v. Marvel Entertainment Group,* —— U.S. ——, 109 S.Ct. 1116, 103 L.Ed.2d 179 (1989), Rule 11 was applied to enforce the affirmative obligation of attorneys to scrutinize their own papers to determine whether they are well grounded in fact and in law. In *Murray v. Dominick Corp. of Canada, Ltd.,* 117 F.R.D. 512 (S.D.N.Y. 1987), this court determined that a trial memorandum bearing the signature of a party's counsel and containing allegations which were subsequently refuted by documentary evidence, was a sufficient basis to impose Rule 11 sanctions. *See also Tall v.*

*Cortlandt,* 709 F.Supp. 401 (S.D.N.Y.1989) (awarding Rule 11 sanctions based on law firm's failure to make adequate inquiry into facts where such inquiry would have revealed absence of probative evidence).

In view of the failure of Tedder to respond to the instant motion, no further hearing is required.

 Our Court of Appeals has stated that Rule 11's purpose is to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Calloway v. Marvel Entertainment Group,* 854 F.2d 1452, 1469 (quoting committee's note to 1983 amendment). This case exemplifies that purpose. By interposing an unfounded defense and misleading the court as to the filing of a complaint in California, Tedder engaged in dilatory and abusive tactics warranting sanction. While no submission has been made by First City with respect to the unnecessary expense to which it has been put, the expense with respect to their making of the summary judgment motions is not difficult to estimate. Such an estimation is but one of the factors to be considered in the exercise of the court's discretion in determining an appropriate sanction. *See Calloway,* 854 F.2d at 1476; *Eastway Constr. Corp. v. City of New York,* 821 F.2d 121, 123 (2d Cir.1987).

Under the circumstances here, the sanction should be significant but not compensatory. A sanction in the amount of $4,000 is in line with other decisions in this Circuit imposing sanctions under Rule 11, as shown by a survey of cases decided since August 1983 in which Rule 11 awards were made. *See Manhattan Lawyer,* Jan. 26, 1988, at 7 (citing survey of Professor Georgene Vairo indicating "most [Rule 11] awards have been between $1,000 and $10,-000"). *See also Summit Tax Exempt L.I. II v. Berman,* No. 88–5839 (S.D.N.Y. July 19, 1989), 1989 WL 152769, 1989 U.S. Dist. LEXIS 8312 (awarding Rule 11 sanctions of $2,500 for frivolous counterclaim); *Edstrom v. National Incentive Services,* No. 85–3701, 1988 WL 13717 (S.D.N.Y.1988), 1989 U.S. Dist. LEXIS 1256 (Rule 11 sanctions of 41,500 for frivolous motion to re-

vive action). Accordingly, the motion is granted and Rule 11 sanctions of $4,000 are imposed on Tedder.

It is so ordered.